**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS DAVID MACHUCA,

Defendant - Appellant.

No. 05-2153

(D. New Mexico)

(D.C. No. CR-04-1048-RB)

**ORDER AND JUDGMENT**  *

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Luis David Machuca pled guilty to one count of possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 841(a)(1) and (b)(1)(B). He was sentenced to 84 months' imprisonment, followed by four years of supervised release. Mr. Machuca filed a timely Notice of Appeal, and his counsel, Jose Coronado, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), moving to withdraw as counsel. For the reasons set forth below, we agree with Mr. Coronado that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

Mr. Machuca was arrested on February 7, 2004, after police officers who had stopped a car in which he was a passenger discovered bags of a white substance containing 5.3 grams of pure methamphetamine on his person and a loaded firearm under the passenger seat. Mr. Machuca was then indicted by a grand jury and pled guilty to the indictment without a plea agreement. The court accepted Mr. Machuca's plea after informing him of the constitutional rights he would thereby waive and establishing the factual basis for the plea. Mr. Machuca indicated at the plea hearing that he contested his possession of a firearm, and the court indicated that that was not part of the indicted charge.

The United States Probation Office then prepared a presentence report ("PSR"), which calculated an imprisonment range based on the United States

Sentencing Commission, Guidelines Manual ("USSG") (Nov. 2003). Using the method of converting the actual methamphetamine amount to its marijuana equivalent, the PSR set a base offense level of 26. The PSR suggested a two-level enhancement pursuant to USSG §2D1.1(b)(1) for possession of a firearm, and a two-level reduction pursuant to USSG §3E1.1(a) for acceptance of responsibility, yielding a total offense level of 26.

In its calculation of a criminal history score, the PSR assessed four points under USSG §4A1.1(b) based on two prior sentences of between sixty days and thirteen months, six points under USSG §4A1.1(c) based on six other prior sentences, two points under USSG §4A1.1(d) because the instant offense had occurred while Mr. Machuca was on probation for a prior offense, and one point under USSG §4A1.1(e) because the instant offense had occurred less than two years after Mr. Machuca's release from imprisonment. This yielded a total of eleven points because a maximum of four points under USSG §4A1.1(c) are allowed in the calculation. This established a criminal history category of V. The resulting Guideline imprisonment range was 110 to 137 months.

Mr. Machuca objected to the §2D1.1(b)(1) enhancement for firearm possession, submitting a letter from the driver of the vehicle in which the firearm was found, in which the driver admitted owning the firearm. Mr. Machuca also objected to the criminal history points assessed under §4A1.1(c), arguing that he

was uncertain whether he had waived his right to counsel in those six cases, and he further objected to the criminal history points assessed under §4A1.1(d) and (e), arguing that these points double counted convictions for which he had already been assessed points under §4A1.1(b) and (c). The government submitted a response suggesting the §2D1.1(b)(1) enhancement may be unwarranted, and indicating an additional one-level reduction in the offense level was warranted for acceptance of responsibility.

At the sentencing hearing, the district court indicated it would accept the government's concession regarding the §2D1.1(b)(1) enhancement, and its requested additional one-level reduction, without further argument. Documents were then submitted indicating that Mr. Machuca had waived his right to counsel in four of the six cases assessed points under §4A1.1(c). The court determined that leaving the other two cases off the points calculation would have no effect on criminal history category, since the maximum number of points assessable under that subsection, as indicated above, was four. Based on a recalculated offense level of 23, the Guideline imprisonment range was 84 to 105 months. After hearing argument on other factors relevant to sentencing, the court sentenced Mr. Machuca to 84 months, the low end of the Guideline range.

# DISCUSSION

Under <u>Anders</u>, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005) (citing <u>Anders</u>, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

<u>Id.</u> (citing <u>Anders</u>, 386 U.S. at 744).

In this case, Mr. Machuca's counsel filed his <u>Anders</u> brief in September 2005. Although six months have now passed, Mr. Machuca has not filed a response. We therefore base our conclusions on counsel's brief and our own review of the record.

Mr. Machuca pled guilty without a plea agreement, and he did not file a motion in district court to withdraw his guilty plea before sentencing. In the absence of a waiver of the right to appeal in a plea agreement, a plea may be set aside on direct appeal if the court holds it was not knowing and voluntary. <u>See</u> Fed. R. Crim. P. 11(e); <u>United States v. Asch</u>, 207 F.3d 1238, 1242 (10th Cir.

2000). Having carefully reviewed the record, we see no basis for such a claim here.

As recognized by counsel, the only other possible basis for an appeal must relate to Mr. Machuca's sentence. We agree with counsel that there is no nonfrivolous issue related to the district court's application of the Guidelines. Counsel also indicates that, "[w]hile the court did not specifically address whether there was a basis for disregarding the guidelines and exercis[ing] its discretion, it is hard to imagine why the court would . . . sentence Mr. Machuca outside the guideline range," in light of his "somewhat extensive criminal history." Appellant's Br. at 11. While we encourage district courts to refer explicitly to the sentencing factors set forth in 18 U.S.C. § 3553(a), "[w]e will 'not demand that the district court recite any magic words to show us that it fulfilled its responsibility.'" United States v. Mares, 441 F.3d 1152, 1161 (10th Cir. 2006) (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005) (further quotation omitted)). We conclude from our review of the record that there is no indication that the district court failed to consider the appropriate factors, or that the presumption of reasonableness arising from the imposition of a sentence within the Guideline range, see United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam), could be overcome based on the facts of this case.

Our review of the record reveals no other claims arguable on their merits, and we accordingly conclude that Mr. Machuca's appeal is wholly frivolous.

**CONCLUSION**

For the foregoing reasons, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge